IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| BILLY R. BOSTIC, | ) | |
| | ) | |
| Plaintiff, | ) | CV 10-315-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| TAMI DOHRMAN, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

JONES, District Judge:

Plaintiff Billy Raymond Bostic, acting pro se, sued four officials of the Oregon Department of Corrections for monetary damages and injunctive relief under 42 U.S.C. § 1983 and 38 U.S.C. § 5301. Bostic alleges that defendants violated his constitutional and statutory rights through two prison policies. First, he challenges a prison policy under which he is prohibited from spending more than $30 per month at the prison commissary while he is indebted to the ODOC due to disciplinary fines. Second, he challenges the practice under which benefits he receives from the Veterans

1 - OPINION AND ORDER

Administration are deposited into a reserve account that is protected from seizure to pay the ODOC indebtedness. Defendants move for summary judgment (# 34). Bostic also moves for summary judgment (# 77). For the following reasons, defendants' motion is granted and Bostic's motion is denied.

## BACKGROUND

Bostic is an inmate in the custody of the ODOC. He receives monthly benefits from the Veterans Administration ("VA"). These funds, along with any other funds Bostic receives from other sources, are deposited into his inmate trust account which is administered by the ODOC Central Trust Unit under Oregon Administrative Rule ("OAR") 291-158-0015. Defendants are current and former ODOC Central Trust officials.

The administrative rules provide that an inmate who is indebted to the ODOC is entitled to spend no more than $30 per calendar month out of the funds deposited into his inmate trust account for that calendar month; the remainder of the funds received by the inmate is applied to the inmate's indebtedness. OAR 291-158-0065. An exception to this rule applies to any funds in the inmate trust account that are VA benefits. In that case, the funds are not applied to the inmate's indebtedness. Instead, they are placed in a reserve account that is not subject to collection to pay the inmate's indebtedness to the ODOC.

In spite of this exception, Bostic contends defendants violated 38 U.S.C. § 5301, which makes VA benefits exempt from the claims of creditors. He also contends defendants denied him due process rights guaranteed by the Fourteenth Amendment. Defendants contend they complied with Section 5301 by protecting Bostic's VA benefits from collection and did not violate the due

process clause. In addition, defendants contend Bostic's claims are barred by sovereign immunity under the Eleventh Amendment. They assert qualified immunity on the issue of damages.

## STANDARD OF REVIEW

The district court should grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party and inferences drawn from facts are viewed in the light most favorable to the non-moving party. *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 630-31 (9th Cir. 1987).

## DISCUSSION

### I. Statute of Limitations

The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose. *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). For cases arising in Oregon, the statute of limitations is two years. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Bostic filed his complaint on March 22, 2010, alleging that ODOC mishandled his VA benefits since 1998. Bostic's claims based on events occurring before March 22, 2008, are barred by the statute of limitations.

\\\

## II. Due Process Claim

Section 1983 provides a cause of action against persons acting under color of state law who violate rights guaranteed by the Constitution. *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). Prison officials, when acting in their official capacity, are acting under color of state law. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Bostic alleges that defendants violated his constitutional right to due process by placing his VA benefits in a reserve account and by temporarily limiting the amount he may spend in the prison commissary while he is indebted to the ODOC. Neither of the two actions presents a due process violation.

A prisoner claiming a due process violation must show a deprivation of a protected liberty or property interest by government action that is arbitrary or otherwise constitutionally deficient. *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Although Bostic has a property interest in his VA benefits and other funds in his inmate trust account, there is no protected interest in the current use of those funds. *See Ward v. Ryan*, 623 F.3d 807, 813 (9th Cir. 2010) (inmate had no protected property interest in the current use of funds placed in a dedicated discharge account held for the inmate's benefit until discharge from prison even though he was serving a sentence of 197 years). Accordingly, Bostic has failed to show he was deprived of a protected interest.

The placement of Bostic's VA benefits in a reserve account does not deprive him of those funds or limit his access to them. On the contrary, the reserve account protects the VA benefits from the claims of creditors and prevents deprivation by garnishment, attachment, or any other collection action. The funds are held in the reserve account for Bostic's benefit. There is no deprivation that implicates the due process clause. *Ward*, 623 F.3d at 812-13.

The restrictions ODOC placed on Bostic's spending privileges do not deprive him of a protected property interest. It is a temporary limitation on Bostic's current use of funds posted to his inmate trust account. An inmate has no protected property interest in the current use of funds. *See Ward v. Ryan*, 623 F.3d at 813 (no protected property interest in current use of funds in inmate trust account). Similarly, taken together, the two actions do not involve deprivation of a protected interest. The funds in the reserve account will become available to Bostic upon his discharge from prison or upon the payment of his indebtedness to ODOC, whichever happens first. In the event he dies before paying the indebtedness or leaving prison, the funds will be released to his estate. Accordingly, the prison policies operate as a limitation on Bostic's current use of funds and do not implicate the due process clause. *Ward v. Ryan*, 623 F.3d at 813.

Bostic has also failed to show that the ODOC's policies were arbitrary. The policy of creating reserve accounts for VA benefits received by inmates reasonably vindicates the purposes of federal statutory requirements making VA benefits exempt from the claims of creditors. 38 U.S.C. § 5301. The policy of restricting the spending privileges of inmates who are indebted to ODOC reasonably provides for the enforcement of disciplinary rules through the assessment and collection of fines. OAR 291-105-0015.

Because Bostic has failed to show a deprivation of a protected liberty or property interest by government action that is arbitrary or otherwise constitutionally deficient, his due process claim fails. *Ky. Dept. of Corr. v. Thompson*, 490 U.S. at 460.

### III.   Statutory Claim under 38 U.S.C. § 5301

Section 1983 can provide a cause of action for persons acting under color of law who have violated rights guaranteed by federal statutes. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002).

Prison officials acting in their official capacity are acting under color of state law. *Haygood*, 769 F.2d at 1354. Bostic contends that defendants violated 38 U.S.C. § 5301 by placing his VA benefits in a reserve account and by restricting his spending privileges while he is indebted to ODOC.

Section 5301 provides that VA benefits "shall not be assignable" and "shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure . . .either before or after receipt by the beneficiary." Under Section 5301, the creditors of veterans may not attach VA benefits and veterans may not assign VA benefits yet to be received for payment of current debt. *See Nelson v. Heiss*, 271 F.3d 891, 896 (9th Cir. 2001) (prison officials violated Section 5301 by permitting inmate to assign future benefits to pay current overdraft of trust account).

The placement of Bostic's VA benefits in a reserve account is not an attachment, levy, or seizure of the funds. The funds in the reserve account are held for his benefit alone. They cannot be used without his permission, to pay any creditor, including the ODOC. Accordingly, the reserve account policy fully implements the purposes of Section 5301.

The restrictions on Bostic's spending privileges do not violate Section 5301, because they are unrelated to the source of his funds and do not compel Bostic to pay an indebtedness from his VA benefits. The administrative rules provide that an inmate who is indebted to the ODOC is entitled to spend no more than $30 per calendar month from funds deposited into his inmate trust account for that calendar month. OAR 291-158-0065. The remainder of the funds received by the inmate, unless they are VA benefits, is applied to the inmate's indebtedness. OAR 291-158-0065. Any VA benefits received are not applied to the inmate's indebtedness, but are posted to a reserve account and held for the inmate's benefit. Because Bostic has not shown an attachment, levy, seizure, or assignment of VA benefits, he fails to show a violation of Section 5301.

6 - OPINION AND ORDER

## VI. Sovereign Immunity

The Eleventh Amendment bars actions for damages against state officials acting in their official capacity. *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). A state corrections department is a state agency entitled to Eleventh Amendment immunity. *Lucas v. Dept. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Taylor v. List*, 88 F.2d 1040, 1045 (9th Cir. 1989). Bostic challenges only the official policies of the ODOC and the official actions of defendants in implementing those policies. Accordingly, Bostic's claims for damages arising from defendants' activities in their official capacity are barred.

## V. Qualified Immunity

Defendants assert that they are entitled to qualified immunity. State officials are entitled to qualified immunity from suits for civil damages "as long as their actions could reasonably have been thought to be consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 968 (9th Cir. 2010). The determination involves two inquiries: "(1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and (2) whether the right was clearly established in light of the specific context of the case." *Krainski*, 616 F.3d at 968, quoting *al-Kidd v. Ashcroft*, 580 F.3d 949, 964 (9th Cir. 2009). I resolve both questions against Bostic. For the reasons already described, he has failed to allege facts showing a violation of constitutional or statutory rights. If there has been such a violation, Bostic has cited no authority clearly establishing a right to be free of the two policies he challenges in this case, *viz.* the policy of protecting VA benefits by posting them to a reserve account and the policy

of enforcing disciplinary rules by restricting the spending privileges of inmates who are indebted to ODOC for fines.

## CONCLUSION

For all the foregoing reasons, defendants' motion for summary judgment (# 34) is GRANTED, and plaintiff's motion for summary judgment (# 77) is DENIED. All remaining pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 28th day of February, 2013.

Robert E. Jones
United States District Judge